# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DUSTIN MUSSO (# 422719)**                                        **CIVIL ACTION**

**VERSUS**

**STATE OF LOUISIANA**                                              **NO. 15-0873-JJB-EWD**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 17, 2017.

                                                     **ERIN WILDER-DOOMES**
                                                     **UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

DUSTIN MUSSO (# 422719)                                    CIVIL ACTION

VERSUS

STATE OF LOUISIANA                                          NO. 15-0873-JJB-EWD

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on correspondence received from Petitioner, pursuant to which he requests a stay of the federal limitations period while he pursues post-conviction relief in the state courts. Rather than submitting an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, however, together with the Court's filing fee, Petitioner Musso, a *pro se* state prisoner, submitted the instant correspondence in an apparent attempt to interrupt the running of the one-year limitations period applicable to federal habeas applications. The entirety of Petitioner's correspondence states:

> I, Dustin Musso request a stay of my federal time until I have Finnish filing my Post Conviction Relief Application in the States Court. Please halting of my Federal time, I have nine (9) Months Federal time on my one year, before am time bar. Please Note this as an order to suspend all proceeding, until all states court are final.

*See* R. Doc. 1. Petitioner apparently wishes to ultimately challenge his conviction and life sentence entered upon a charge of first degree murder in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. *See State v. Musso*, 2014 WL 7331944 (La. App. 1st Cir. Dec. 23, 2014). For the reasons that follow, the Court concludes that it lacks jurisdiction to consider or grant Petitioner's request.

"There is no statutory or case authority that allows a federal district court to issue a premature order staying the one-year limitations period before a § 2254 petition is filed." *Miller*

*v. Quarterman*, 2007 WL 2890270 (N.D. Tex. Sept. 27, 2007).  To the contrary, the pendency of an actual § 2254 petition is a necessary condition precedent to satisfying the "case or controversy" requirement of Art. III, § 2 of the United States Constitution, without which a federal court lacks jurisdiction to act.  *See id., citing Juidice v. Vail*, 430 U.S. 327, 331 (1977) (noting that the existence of a justiciable case or controversy is a jurisdictional requirement that a federal court has an obligation to examine *sua sponte*); *United States v. One 18th Century Colombian Monstrance*, 797 F.2d 1370, 1374 (5th Cir. 1986); *United States v. Cook*, 795 F.2d 987, 994 (Fed. Cir. 1986) (district court erred in tolling statute of limitations as to future claims by persons not party to the case before the court).  Federal courts do not "'sit to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before [them].'"  *United States v. Cook, supra*, 795 F.2d at 994, *quoting Princeton University v. Schmid*, 455 U.S. 100, 102 (1982).

Whereas the courts have sanctioned the filing of a "protective" habeas corpus application and the granting of a stay of the federal proceedings under certain limited circumstances, *i.e.,* when a petitioner has a legitimate concern that his federal limitations period will elapse while he pursues exhaustion of state post-conviction relief before the state courts, *see Rhines v. Weber*, 544 U.S. 269 (2005), and *Pace v. DeGuglielmo*, 544 U.S. 408 (2005), Petitioner has not filed such a protective application, and he has not shown that he meets the standard for doing so.  Specifically, pursuant to *Rhines*, a stay of proceedings in connection with a pending federal habeas application will only be appropriate where a petitioner shows good cause for his failure to first exhaust state court remedies, where he shows that his claims are potentially meritorious, and where there is no indication that he has engaged in intentionally dilatory litigation tactics.  *See Id*. at 278.  Petitioner has made no attempt whatever to make such a showing and has not indicated the

substantive claims that he wishes to assert. Accordingly, there is no basis for the grant of the relief requested, and the Court is unable to do so.

Finally, insofar as Petitioner's correspondence may be interpreted as requesting an extension of the one-year statute of limitations, this request would also fail to present a case or controversy. *See Mitchell v. Quarterman,* 2009 WL 899631 (N.D. Tex. Mar. 30, 2009) (denying Petitioner's motion seeking an extension of the one-year limitations period to file a federal habeas petition for want of jurisdiction); *Brewster v. Quarterman*, 2007 WL 628094 (N.D. Tex. Feb. 28, 2007) (same). *Cf., United State v. McFarland*, 125 Fed. Appx. 573 (5th Cir. 2005) (finding that "a federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed. Before the petition itself is actually filed, there is no case or controversy to be heard, and any opinion we were to render on the timeliness issue would be merely advisory." (citation and internal quotation marks omitted)). Accordingly, this Court lacks jurisdiction to consider or address Petitioner's request.

## RECOMMENDATION

It is recommended that Petitioner's request to stay or extend the federal limitations period while he pursues state post-conviction remedies in anticipation of submitting a future § 2254 application be denied and that this proceeding be dismissed for want of jurisdiction.

Signed in Baton Rouge, Louisiana, on April 17, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**